**Commonwealth v. Rozier**

*I. Lawrence Gelman,* Assistant to the Attorney General, for Commonwealth.

*Fred Speaker,* for defendant.

BUCKINGHAM, J., July 3, 1974.—Three criminal complaints were filed against defendant alleging that he violated certain provisions of Regulation 7014 of the Bureau of Weights and Measures of the Commonwealth of Pennsylvania. The regulation related to the processing and sale of bulk meat.

After a hearing before a district justice, on facts stipulated by counsel, defendant was convicted and fined $25 on each count and in default of the payment thereof to undergo imprisonment in the York County Prison for 30 days. He appealed these convictions to this court. Additionally, after the appeal was taken, defendant filed a motion to dismiss the complaints which was argued before the court en banc.

The motion is based on the following six grounds:

"1. The complaint does not cite the specific section and subsection of the statute or ordinance allegedly violated as is required by Rule 104(6)(b) of the Pennsylvania Rules of Criminal Procedure. The Regulation cited and the statutory sections referred

to contain no sanctions which would subject the defendant to criminal process.

"2. The cited Regulation was not properly adopted and thus has no force and effect. Among the defects in promulgation and adoption of the cited Regulation are (a) the failure to comply with Section 207 of the Commonwealth Documents Law (45 PS §§1101, et seq.) which requires that the text of regulations deposited with the Legislative Reference Bureau be certified by the agency's executive officer (45 PS §1207); (b) the failure to comply with provisions of section 8 of the Weights and Measures Act of 1965 (76 PS §100-8); (c) improper approval of the legality of the proposed regulation by the Department of Justice; and (d) the improper filing of a pre-certified regulation after the agency's executive officer had left office and had no further power or authority.

"3. The cited Regulation does not use the form and format prescribed by the Joint Committee on Documents, as required by the Commonwealth Documents Act (45 PS §1206), and is therefore invalid.

"4. The cited Regulation unlawfully attempts to regulate matters beyond the scope of the authority granted by the General Assembly in the Weights and Measures Act of 1965, and is therefore invalid.

"5. The sentence of '$25 on each count and court costs of $17 or stay in the County Prison for 30 days' is invalid since it is in violation of the defendant's constitutional rights, including the right to equal protection as required by the 14th Amendment of the United States Constitution.

"6. The District Justice failed to file the transcript within twenty days after service of the notice of appeal, as required by the Minor Judiciary Court Appeals Act (42 PS §3003(d)."

At argument, defendant's counsel indicated he was not pressing grounds 1 and 3 and ground 6 was neither briefed nor argued. We, therefore, consider them abandoned. We find no merit in defendant's remaining grounds.

Ground 2 involves the question of whether Regulation 7014 was invalidly promulgated after the term of Attorney General William G. Sennett, ended. The Commonwealth Documents Law of July 31, 1968, P. L. 769, 45 PS §1207 provides:

"The agency text of all administrative and other regulations and changes therein, certified by the executive officer, chairman or secretary of the agency, shall be deposited with the Legislative Reference Bureau."

A copy of the regulation, certified by the Legislative Reference Bureau, shows that pursuant to this section, the regulation was approved by a Deputy Attorney General on June 30, 1970, filed with the Legislative Reference Bureau, on July 17, 1970, and certified by William G. Sennett, the Attorney General under whose jurisdiction the Bureau of Weights and Measures operated. Obviously, the Attorney General's certification, to be legal, must have occurred before he went out of office on July 3, 1970. However, the date of his certification nowhere appears. Indeed, there is no blank space on the form in which such a date could be inserted. The date of adoption of the regulation is shown to be September 14, 1970, which is nothing more than the effective date of the regulation which, in this case, was 60 days after filing it with the Legislative Reference Bureau which was authorized under the Act of December 1, 1965, P. L. 988, as amended, 76 PS 100-8(c).

Defendant contends that since the regulation was not filed with the Legislative Reference Bureau until

July 14, 1970, 11 days after the Attorney General's term ended and since no date is shown for his certification, it means that the certification came after the Attorney General left office and is, therefore, invalid, thereby rendering the regulation a nullity. This is not so. There is a rebuttable presumption that, absent proof to the contrary, the antecedent steps necessary to give validity to the official acts of a public official were duly taken: McIntosh Road Materials Co. v. Woolworth, Secretary of Property and Supplies, 365 Pa. 190 (1950). Accordingly, we agree with the Commonwealth that, absent evidence as to the date General Sennett certified the regulation, it is presumed that he certified it while he was in office prior to July 3, 1970, and the burden is on defendant to produce evidence to the contrary. Since there is no contrary evidence, we have no alternative but to find that the regulation was validly adopted.

Defendant's fourth contention is that the regulation exceeds the authority given the Attorney General by section 21(c) of the Weights and Measures, Act of 1965, 76 PS §100-21(c). This section provides:

"The Attorney General may issue such reasonable regulations as are necessary to assure that amounts of commodity sold are determined in accordance with good commercial practice and are so determined and represented as to be accurate and informative to all parties at interest."

Because the regulation pertains, inter alia, to the processing of customer-owned meat and refers to descriptions and terminology in the sale of meat, defendant argues that the Attorney General went beyond the enabling statute. We are not so persuaded. We believe the term "good commercial practice" in the statute is sufficiently broad to cover these two areas.

As to defendant's fifth ground, we agree with him that under Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971) and Com. ex rel. Benedict v. Cliff., 451 Pa. 427 (1973), a defendant may not be incarcerated forthwith for failure to pay a fine. He must be afforded an opportunity to pay it in reasonable installments if he cannot afford to do otherwise. Nevertheless, defendant may not raise that issue at this time, since it has become moot. He has filed an appeal to this court from his conviction and the hearing before the court on appeal will be de novo. At such hearing, the court must independently decide his guilt or innocence and, if guilty, what, if any, fine is to be imposed and whether, upon request, defendant should have an extension of time to pay it. In view of the foregoing, we enter the following:

### ORDER

And now, to wit, July 3, 1974, defendant's motion to dismiss the complaints against him is overruled and dismissed.

An exception is granted to defendant.